UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TRUSTEES OF THE B.A.C. LOCAL 4
PENSION FUND, et al.,

                Plaintiffs,

                v.

DEMZA MASONRY, LLC,

                Defendant.

Civil Action No. 18-17302 (MAS)

**MEMORANDUM ORDER**

This matter comes before the Court upon Defendant Demza Masonry, LLC's ("Demza") Motion for Reconsideration of the Court's January 31, 2021 Order denying Demza's summary judgment motion and granting summary judgment in favor of Plaintiffs Trustees of the B.A.C. Local 4 Pension Fund, Trustees of the New Jersey B.A.C. Annuity Fund, Trustees of the B.A.C. Local 5 Pension Fund, Trustees of the New Jersey B.A.C. Health Fund, Trustees of the New Jersey BM&P Apprentice and Education Fund, Trustees of the Bricklayers and Trowel Trades International Pension Fund, and Trustees of the International Masonry Institute (collectively, the "Funds"). (ECF No. 52.) The Funds filed opposition. (ECF No. 57.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth herein, Demza's Motion is denied.

**I.**      **BACKGROUND**

The parties are familiar with the factual and procedural history of this matter and therefore the Court recites only those facts necessary to resolve the instant Motion. *Trs. of the B.A.C. Local 4 Pension Fund v. Demza Masonry, LLC*, No. 18-17302, 2021 WL 323780 (D.N.J. Jan. 31, 2021). Joseph Speranza owned Speranza Inc., a defunct masonry company that failed to pay contributions

to the Funds as required by their collective bargaining agreement. *Id.* at *1. After Speranza Inc. went bankrupt in May 2015, Mr. Speranza briefly operated and worked at two other masonry companies before joining Demza in July 2016. *Id.* at *1–2. Demza is a masonry company that, among other things, is run by Mr. Speranza, operates out of Speranza Inc.'s former location, employs former Speranza Inc. employees, and serves former Speranza Inc. clients. *Id.* at *2.

The Funds filed the present one-count action against Demza in December 2018, seeking to hold Demza liable for Speranza Inc.'s delinquent contributions under theories of successor and alter ego liability. *Id.* at *3. After discovery closed, the parties cross-moved for summary judgment. (*See* ECF Nos. 27, 28.) On January 31, 2021, the Court denied Demza's summary judgment motion and granted the Funds' summary judgment motion. (ECF No. 49.) In reaching its decision, the Court found Demza liable as a successor to Speranza Inc. because Demza had knowledge of Speranza Inc.'s delinquent contributions and substantial continuity existed between the two entities. *Demza Masonry, LLC*, 2021 WL 323780, at *5–6. The Court also noted that Demza failed to (1) address successor liability—the only other theory of liability raised in the Complaint—and (2) dispute a single fact in the Funds' Statement of Material Facts, including facts asserted under the header "Demza is a successor of Speranza [Inc.]" *Id.* at *4.

On February 15, 2021, Demza moved for reconsideration (ECF No. 52) and, four days later, filed a notice of appeal (ECF No. 54).

## II.   LEGAL STANDARD

Reconsideration under Local Civil Rule 7.1 is an extraordinary remedy that is rarely granted. *Interfaith Cmty. Org v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002). It requires the moving party to set forth the factual matters or controlling legal authorities he believes the Court overlooked when rendering its final decision. *See* L. Civ. R. 7.1(i). To succeed on a

motion for reconsideration, a movant must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion [at issue]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A court commits clear error of law 'only if the record cannot support the findings that led to the ruling.'" *Rich v. State*, 294 F. Supp. 3d 266, 272 (D.N.J. 2018) (quoting *ABS Brokerage Servs., LLC v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010)). "Thus, a party must do more than allege that portions of a ruling were erroneous in order to obtain reconsideration of that ruling." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6.

### III. DISCUSSION

In seeking reconsideration, Demza points to no intervening change in controlling law, previously unavailable evidence, or clear error of law or fact. Instead, Demza claims that reconsideration is warranted to prevent manifest injustice. (Def.'s Moving Br. 8, ECF No. 52-1.) According to Demza, a manifest injustice will occur absent reconsideration because (1) the Funds "failed to show that Speranza and Demza are a single employer"; (2) disputed issues of material fact exist on the issue of successor liability; (3) the National Labor Relations Board ("NLRB") ruled in favor of Demza in a related matter; and (4) another district court denied summary judgment in a related case. (*Id.* at 5–10.) All four arguments lack merit.

To establish manifest injustice, a moving party "must show more than mere disagreement with the [Court's] earlier ruling; it must show that the [] Court committed a 'direct, obvious, [or] observable error' and one that is of at least some importance to the larger proceedings." *In re Energy Future Holdings Corp.*, 904 F.3d 298, 312 (3d Cir. 2018) (third alteration in original) (quoting *Manifest Injustice*, Black's Law Dictionary (10th ed. 2014)).

3

As to its first argument, Demza correctly notes that the Funds failed to establish single employer liability. (Def.'s Moving Br. 5.) Single employer liability, however, is a distinct doctrine that was not at issue in this case. *See Int'l Union of Operating Engineers, Local 150, AFL-CIO v. Centor Contractors, Inc.*, 831 F.2d 1309, 1312–13, 1313 n.2 (7th Cir. 1987) (distinguishing successorship, alter ego, and single employer doctrines). Thus, that the Funds did not establish single employer liability is irrelevant because only the alter ego and successorship doctrines were at issue, the latter of which Demza failed to address.

In its second argument, Demza asserts that it "is not attempting to challenge the reasoning of this Court regarding its analysis of the law applicable to the issues of successorship or alter ego but [rather] to argue that there exists factual disputes between the parties." (Def.'s Moving Br. 8.) According to Demza, it did "not dispute any of the 162 statements set forth by [the Funds] because when viewed in context with this case they support [its] position that [the Funds] failed to meet its burden to sustain a motion for summary judgment and failed to show that Speranza [Inc.] and Demza are a single employer." (*Id.* at 5.) Putting aside that single employer liability is not at issue, Demza's argument is a disagreement with the Court's finding that Demza is a successor to Speranza Inc. based on the undisputed facts in the record. But "mere disagreement is not proper grounds for reconsideration." *Physicians Healthsource, Inc. v. Advanced Data Sys. Int'l, LLC*, No. 16-3620, 2019 WL 11270469, at *3 (D.N.J. Aug 20, 2019).

Demza's argument regarding the NLRB's decision fails for the same reason. As the Court found, and Demza acknowledges, the Funds did not participate in the NLRB matter and the NLRB considered only whether Demza was an alter ego of—not a successor to—Speranza Inc. (Def.'s Moving Br. 6.) Nevertheless, Demza insists that the NLRB's decision supports a finding in its favor. The Court, however, already considered and rejected this argument. *Demza Masonry, LLC*,

4

2021 WL 323780, at *5. Once again, disagreement is not a basis for reconsideration. Nor is a motion for reconsideration an opportunity to ask the Court to rethink what it has already thought through. *Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507.

Finally, Demza—for the first time—points to a related case pending in this District where another court denied cross-motions for summary judgment in 2019. (Def.'s Moving Br. 10 ("At this juncture I wish to bring to the Court's attention that there is what is essentially an identical case pending in this jurisdiction"); *see N.J. Bldg. Labs.' Statewide Benefit Funds v. Demza Masonry LLC*, No. 18-9607, 2019 WL 6493944 (D.N.J. Dec. 3, 2019). Demza's reliance on this case is unavailing. Demza never raised *N.J. Building Laborers* for consideration even though that case was decided *before* the parties cross-moved for summary judgment. A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before a court's original decision was made. *Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001). And even if Demza had timely raised *N.J. Building Laborers*, that case would not have led this Court to a different conclusion: the *N.J. Building Laborers* court reached its decision on a different and less developed record than the one presented here.[1]

Based on the foregoing, Demza fails to show that the Court committed a direct, obvious, or observable error. Demza therefore fails to meet its heavy burden of demonstrating that this is an exceptional case warranting reconsideration. Accordingly, for the reasons set forth above and for other good cause shown,

---

[1] For instance, in denying summary judgment, the *N.J. Building Laborers* court placed great weight on the record being "unclear as to whether Speranza Inc. and Demza shared the same body of customers." 2019 WL 6493944, at *2, *6. The *N.J. Building Laborers* court also noted that "the record d[id] not set forth facts establishing that there is no genuine dispute as to" whether Mr. Speranza exercised control over Demza. *Id.* at *5. Here, by contrast, the undisputed facts reflect that Mr. Speranza runs Demza and that Demza has performed masonry work for five former Speranza Inc. customers. *Demza Masonry, LLC*, 2021 WL 323780, at *6.

5

**IT IS** on this 6th day of August 2021 **ORDERED** that:

1. Demza's Motion for Reconsideration (ECF No. 52) is **DENIED**.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**